# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN CAVANAUGH, ) | |
| ) | Civil Action No. 14 – 509 |
| Petitioner, ) | |
| ) | District Judge Nora Barry Fischer |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF PENNSYLVANIA, ) | |
| ) | |
| Respondent. | |

## REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Petitioner Shawn Cavanaugh (ECF No. 7) be denied and that a Certificate of Appealability also be denied.

### II.  REPORT

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Shawn Cavanaugh ("Petitioner") pursuant to 28 U.S.C. § 2254.  (ECF No. 7.)  Petitioner claims that he is entitled to relief based on the Pennsylvania Board of Probation and Parole's ("the Board") erroneous decision to recommit him as both a technical and convicted parole violator.  For the following reasons, Petitioner's application for federal habeas corpus relief should be denied.

#### A.  Background

By way of background, on March 18, 2010, the Court of Common Pleas of Luzerne County, Pennsylvania sentenced Petitioner to an aggregated term of 1 year and 8 month to 5

1

years imprisonment for Robbery and Retail Theft. (Resp't Ex. 1; ECF No. 13-2 at pp.2-4); (Resp't Attach. A, ¶ 7; ECF No. ECF No. 13-1.) On January 13, 2011, the Court of Common Pleas of Luzerne County, Pennsylvania sentenced Petitioner to an additional consecutive term of 15 days to 30 days for Possession of a Controlled Substance. (Resp't Ex. 1); (Resp't Attach. A, ¶ 8.) This gave Petitioner a total aggregate sentence of 1 year, 8 months and 15 days to 5 years and 30 days. (Resp't Ex. 1); (Resp't Attach. A, ¶ 8.) The minimum and maximum dates for this sentence were December 3, 2011 and April 17, 2015, respectively. (Resp't Ex. 1); (Resp't Attach. A, ¶ 9.)

The Board paroled Petitioner from his sentence on December 6, 2012. (Resp't Ex. 2; ECF No. 13-2 at pp.6-7); (Resp't Attach. A, ¶ 10.) The Board released Petitioner from a state correctional institution to the Hazelton Treatment Center in Hazelton, Pennsylvania subject to several conditions of parole. (Resp't Ex. 3; ECF No. 13-2 at pp.9-12); (Resp't Attach. A, ¶ 10.) On January 5, 2013, Petitioner absconded from supervision by failing to return to the Hazelton Treatment Center after leaving on a pass. (Resp't Ex. 4; ECF No. 13-2 at p.14); (Resp't Attach. A, ¶ 11.)

On January 7, 2013, Petitioner sold drugs to an undercover detective in Pittsburgh, Pennsylvania, which resulted in his arrest. (Resp't Ex. 4); (Resp't Attach. A, ¶ 12.) Petitioner was then charged with several new drug related criminal charges. (Resp't Ex. 5; ECF No. 13-2 at pp.16-22); (Resp't Attach. A, ¶ 12.) The Board lodged its detainer against Petitioner for parole violations on January 8, 2013. (Resp't Ex. 6; ECF No. 13-2 at p.24); (Resp't Attach. A, ¶ 13.) On January 14, 2013, Petitioner signed a form waiving his hearing rights and admitting to the violation of conditions: #1 – Leaving the district without permission, #2 – Change of residence without permission and #7 – Failure to complete the Hazelton treatment program of his

parole. (Resp't Ex. 7; ECF No. 13-2 at p.26); (Resp't Attach. A, ¶ 14.) As a result of his waiver/admission, the Board recommitted Petitioner as a technical parole violator when available by Board action mailed February 6, 2013 (recorded February 5, 2013). (Resp't Ex. 8; ECF No. 13-2 at pp.28-30); (Resp't Attach. A, ¶ 15.) The Board also chose to detain Petitioner pending disposition of his criminal charges via the Board action mailed February 6, 2013. (Resp't Ex 8); (Resp't Attach. A, ¶ 16.)

Authorities filed the new drug charges stemming from the January 7, 2013 arrest against Petitioner in the Court of Common Pleas of Allegheny County at CP# 1105-2013. (Resp't Ex. 9; ECF No. 13-2 at pp.32-38); (Resp't Attach. A, ¶ 17.) On July 31, 2013, Petitioner pled guilty to the following criminal charges at CP# 1105-2013: (a) Manufacture, Delivery, Possession with Intent to Manufacture or Deliver a Controlled Substance, (b) Two counts of Possession of a Controlled Substance, and (c) Use/Possession of a Drug Paraphernalia. (Resp't Ex. 9); (Resp't Attach. A, ¶ 18.) The court sentenced Petitioner to serve 11½ to 23 months in Allegheny County Jail followed by 3 years of probation for the new convictions. (Resp't Ex. 10; ECF No. 13-2 at pp.40-41); (Resp't Attach. A, ¶ 19.)

On August 20, 2013, Petitioner waived his hearing right and admitted to committing the new criminal offenses at CP# 1105-2013 in violation of his parole. (Resp't Ex. 11; ECF No. 13-2 at p.43); (Resp't Attach A, ¶ 21.) Based on his waiver/admission, the Board recommitted Petitioner as a convicted parole violator when available by Board action mailed October 9, 2013 (recorded October 4, 2013). (Resp't Ex. 12; ECF No. 13-2 at pp.45-46.); (Resp't Attach. A, ¶ 22.) Once Petitioner completes his new sentence and is made available, he will be returned to a state correctional institution and the Board will issue a recalculation decision that will change his

April 17, 2015 maximum sentence date to reflect that he receives no credit for the period he was at liberty on parole. (Resp't Attach. A, ¶ 24.)

On November 4, 2013, the Board received a "Petition for Administrative Relief/Notice of Appeal" from Petitioner objecting to the Board action mailed on October 9, 2013. (Resp't Ex. 13; ECF No. 13-2 at pp.48-64) (Resp't Attach. A, ¶ 25.) By response mailed March 24, 2014, the Board accepted Petitioner's petition as an administrative appeal and denied the appeal on the merits. (Resp't Ex. 14; ECF No. 13-2 at pp.66-67) (Resp't Attach. A, ¶ 26.) There is no indication that Petitioner ever appealed the denial of his administrative appeal to any Pennsylvania state court.

### B. Discussion

Petitioner seeks habeas relief alleging he was wrongfully recommitted as both a technical and convicted parole violator. The Respondents are correct that Petitioner's claims must be denied because he failed to exhaust them in state court. The exhaustion requirement is "grounded in principles of comity; in a federal system, the State should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). *See also* O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999). The requirement is:

> principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. *See* Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490–491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. [241, 251, 6 S.Ct. 734, 740, 29 L.Ed. 868 (1886)]. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent

powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). *See* Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted).

Importantly, in order to exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 844-45. The petitioner carries the burden of proving exhaustion of all available state remedies. *See*, *e.g.*, Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

To properly exhaust a federal constitutional claim regarding the Parole Board's actions, a Pennsylvania prisoner must first seek administrative review with the Board itself, pursuant to 37 Pa.Code § 73.1. The Petitioner completed this first step. However, following the Parole Board's decision to deny his administrative appeal, he was required to seek review in the Commonwealth Court, 42 Pa.C.S. § 763(a), which he did not do. If the Commonwealth Court denied him relief, he then would have had to seek review in the Pennsylvania Supreme Court before he could raise his claims in a federal habeas petition. *See* Williams v. Wynder, 232 F. App'x 177, 180 (3d Cir.2007) (concluding that the Pennsylvania Supreme Court's Order 218 does not apply to decisions issued by the Commonwealth Court and that "the District Court correctly held that [petitioner] was required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court").

In sum, this Court must conclude that Petitioner did not exhaust his federal habeas claims in state court. Because he did not, they are procedurally defaulted for the purposes of federal

5

habeas review.  *See*, *e.g.*, Lines v. Larkins, 208 F.3d 153, 160 (3d Cir.2000); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir.2000).  Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner failed to raise it in compliance with a state's procedural rules.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

A petitioner whose habeas claim is procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice."  *See*, *e.g.*, Coleman, 501 U.S. at 750; Martinez v. Ryan, –––U.S. ––––, 132 S.Ct. 1309 (2012); Murray v. Carrier, 477 U.S. 478, 488, 494 (1986).[1]  Petitioner points to no evidence that establishes cause for his default or prejudice stemming therefrom.

Based on the foregoing, Petitioner's claims should be denied because they are procedurally defaulted.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  28 U.S.C. § 2253 provides

---

[1] Another exception to the procedural default doctrine is the "miscarriage of justice" exception. It provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995).  The "miscarriage of justice" exception only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent.  Schulp, 513 U.S. at 316.  This is not one of the rare cases in which the fundamental miscarriage of justice rule is implicated.

6

that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying this standard here, jurists of reason would not find it debatable whether the petition should be denied because they are procedurally defaulted. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Petitioner Shawn Cavanaugh (ECF No. 7) be denied and that a Certificate of Appealability also be denied.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Petitioner shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Petitioner's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: May 12, 2016.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Shawn Cavanaugh

167777, JM3884
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219-3100

Counsel of record
*Via CM/ECF electronic mail*